CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

SALVADOR MENDOZA, on behalf of himself
and others similarly situated,

                              Plaintiff,

      -against-

T&S RESTAURANT LLC d/b/a GRACIE'S CORNER
DINER, and ANASTASIO KATSAROS,

                             Defendants.

------------------------------------------------------------------------X

Case No. 19-CV-11316

**FLSA COLLECTIVE
ACTION and RULE
23 CLASS ACTION
COMPLAINT**

**Jury Trial
Demanded**

      Plaintiff SALVADOR MENDOZA (hereinafter, "Plaintiff"), on behalf of himself
and other similarly situated employees, by and through his undersigned attorneys, Cilenti
& Cooper, PLLC, files this Complaint against defendants T&S RESTAURANT LLC
d/b/a GRACIE'S CORNER DINER ("T&S"), and ANASTASIO KATSAROS
(collectively, the "Defendants"), and states as follows:

## INTRODUCTION

      1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as
amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the
Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c)

liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day his work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of New York County, New York.

6.      Defendant, T&S, is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business at 300 East 86th Street, New York, New York 10028.

7.      Defendant T&S owns and operates a restaurant doing business as "Gracie's Corner Diner," with a principle place of business at 300 East 86th Street, New York, New York 10028 (the "Restaurant").

2

8.     Defendant, ANASTASIO KATSAROS, is the Managing Member of T&S and, as such, is a partner, owner, director, supervisor, managing agent, and proprietor of T&S who actively participates in the day-to-day operations of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with T&S.

9.     Defendant, ANASTASIO KATSAROS, exercises control over the terms and conditions of his employees' employment, in that he has the authority and power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

10.     Defendant, ANASTASIO KATSAROS, is present on the premises of the Restaurant on a daily basis, actively supervises the work of the employees, and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

11.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations in this Complaint, T&S has been an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

3

12.     Defendants continuously employed Plaintiff to work at the Restaurant as a non-exempt dishwasher, baker, juice maker, porter, and occasional food delivery worker from in or about November 2016 until on or about September 8, 2019.

13.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

14.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

15.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18.     Defendant, ANASTASIO KATSAROS, actively participates in the day-to-day operation of the Restaurant. For instance, Mr. Katsaros personally: (a) makes the decisions to hire and fire employees, (b) supervises and directs the work of the employees, and (c) instructs the employees how to perform their jobs.

19.     Defendant, ANASTASIO KATSAROS, creates and implements all crucial business decisions, including decisions concerning: (a) the number of hours the employees are required to work, (b) the amount of pay the employees are entitled to receive, and (c) the manner and method by which the employees are to be paid.

4

20.     In or about November 2016, Defendants hired Plaintiff to work at the Restaurant as a non-exempt dishwasher, baker, juice maker, porter, and occasional food delivery worker.

21.     Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding overtime rate of pay.

22.     Plaintiff worked continuously for Defendants in those capacities until on or about September 8, 2019.

23.     During the course of Plaintiff's employment by Defendants, he worked over forty (40) hours per week.

24.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week (Thursday off) and, although his work shift fluctuated slightly each week, he typically worked eleven (11) hours per day on Monday and Wednesday from 10:00 a.m. until 9:00 p.m.; eight (8) hours on Tuesday from 8:00 a.m. until 4:00 p.m.; eleven (11) hours on Friday from 5:00 a.m. until 4:00 p.m.; and ten (10) hours per day on Saturday and Sunday from 8:00 p.m. until 6:00 p.m. Thus, plaintiff worked sixty-one (61) hours per week.

25.     Plaintiff spent more than 2 hours and/or 20% of his daily work shift performing non-tipped work.

26.     Plaintiff was not required to punch a time clock or other time-recording device at the start and end of his daily work shift.

27.     From the beginning of his employment and continuing through in or about December 2016, Plaintiff was not paid proper minimum wages and overtime

5

compensation. During this period, Plaintiff was paid, by check, at the rate of $7.50 per hour for forty (40) hours per week, and $12 per hour for seven (7) hours of overtime per week. Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage and overtime rates, Defendants entirely failed to pay Plaintiff for fourteen (14) hours of overtime each week. All hours performed above forty (40) hours per week were not paid at the statutory rate of time and one-half as required by state and federal law.

28.     Beginning in or about January 2017 and continuing through in or about February 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $9.15 per hour for forty (40) hours per week. Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate, Defendants entirely failed to pay Plaintiff for twenty-one (21) hours of overtime each week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29.     Beginning in or about March 2017 and continuing through the end of March 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $11 per hour for twenty-eight (28) hours per week; $9.15 per hour for twelve (12) hours per week; and $13.73 for eight (8) overtime hours per week. Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate for twelve (12) hours per week, Defendants failed to pay Plaintiff at the correct overtime rate (even if the "tip credit" were applicable, which it is not). In addition, Defendants entirely failed to pay Plaintiff for thirteen (13) hours of

overtime each week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30.     Beginning in or about April 2017 and continuing through the end of April 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $11 per hour for fifteen (15) hours per week; and $9.15 per hour for twenty-five (25) hours per week. Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate for twenty-five (25) hours per week, Defendants entirely failed to pay Plaintiff for twenty-one (21) hours of overtime each week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31.     Beginning in or about May 2017 and continuing through July 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $11 per hour for twenty-five (25) hours per week; $9.15 per hour for fifteen (15) hours per week; and $16.50 for eight (8) overtime hours per week. Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate for fifteen (15) hours per week, Defendants entirely failed to pay Plaintiff for thirteen (13) hours of overtime each week. All hours performed above forty (40) hours per week were not paid at the statutory rate of time and one-half as required by state and federal law.

32.     Beginning in or about August 2017 and continuing through the end of August 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $11 per hour for twenty-five (25) hours per week; and $9.15 per hour for fifteen (15) hours per week. Not only

7

did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate for fifteen (15) hours per week, Defendants entirely failed to pay Plaintiff for twenty-one (21) hours of overtime each week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.     Beginning in or about September 2017 and continuing through October 8, 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $11 per hour for twenty-five (25) hours per week; $9.15 per hour for fifteen (15) hours per week; and $16.50 for eight (8) hours of overtime per week. Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate for fifteen (15) hours per week, Defendants entirely failed to pay Plaintiff for thirteen (13) hours of overtime each week. All hours performed above forty (40) hours per week were not paid at the statutory rate of time and one-half as required by state and federal law.

34.     Beginning on or about October 9, 2017 and continuing through December 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $11 per hour for twenty (20) hours per week; $9.15 per hour for twenty (20) hours per week; and $16.50 for eight (8) hours of overtime per week. Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate for twenty (20) hours per week, Defendants entirely failed to pay Plaintiff for thirteen (13) hours of overtime each week. All hours performed above forty (40) hours per week were not paid at the statutory rate of time and one-half as required by state and federal law.

35.     Beginning in or about January 2018 and continuing through December 2018, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $13 per hour for twenty (20) hours per week; $10.85 per hour for twenty (20) hours per week; and $19.50 for eight (8) hours of overtime per week.   Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate for twenty (20) hours per week, Defendants entirely failed to pay Plaintiff for thirteen (13) hours of overtime each week. All hours performed above forty (40) hours per week were not paid at the statutory rate of time and one-half as required by state and federal law.

36.     Beginning in or about January 2019 and continuing through the remainder of his employment on or about September 8, 2019, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $15 per hour for twenty (20) hours per week; $12.50 per hour for twenty (20) hours per week; and $22.50 for eight (8) hours of overtime per week.   Not only did Defendants fail to pay Plaintiff at the correct statutory minimum wage rate for twenty (20) hours per week, Defendants entirely failed to pay Plaintiff for thirteen (13) hours of overtime each week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

37.     Defendants failed to provide Plaintiff with proper and accurate weekly wage statements setting forth, among other things, Plaintiff's accurate gross wages, deductions, and net wages.

38.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, (ii) failed to provide proper and accurate wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, (iii) failed to keep track of the amount of tips received by their tipped employees, and (iv) caused tipped employees, including Plaintiff, to engage in non-tipped duties, which exceeded 20% of each workday, thereby rendering the "tip credit" invalid.

39.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

40.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

41.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium for each day that their work shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

42.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

### COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since December 11, 2016 (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

44.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

48.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.      Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.      Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether the Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

e.   Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.   Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

49.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50.   Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

51.   Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

52.   Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since December 11, 2013 (the "Class

Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory minimum wages, overtime compensation, and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

53.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

54.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

55.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

56.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

57.     Plaintiff will fairly and adequately protect the interests of the NY Class members.   Plaintiff understands that, as class representative, he assumes a fiduciary

responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

58.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

59.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

60.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a.  Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;
>
> b.  Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;
>
> c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.  Whether the Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

15

e. Whether the Defendants failed to pay the Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f. Whether the Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

g. Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

61.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.     At all relevant times, upon information and belief, defendant 3 GUYS was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

64.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations in this Complaint, T&S has had gross revenues in excess of $500,000.

65.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

66.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

67.     Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

68.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

69.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

70.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

71.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

72.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

73.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

74.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

75.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

76.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

77.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "76" of this Complaint as if fully set forth herein.

78.     Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

79.     Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

80.     Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay them overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

81.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

82.     Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay them a "spread of hours" premium for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

83.     Defendants failed to properly disclose or apprise Plaintiff and members of the Class of their rights under the New York Labor Law.

84.     Defendants failed to furnish Plaintiff and members of the Class with a statement with every payment of wages listing proper and accurate gross wages,

deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

85.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

86.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

87.     At the time of their hiring, the Defendants failed to notify Plaintiff and members of the Class of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

88.     Due to the Defendants' New York Labor Law violations, Plaintiff and members of the Class are entitled to recover from the Defendants their unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

89.     Plaintiff and members of the Class are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, SALVADOR MENDOZA, on behalf of himself and all similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

(a)  An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)  An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)  An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)  An award of liquidated damages as a result of the Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)  An award of liquidated damages as a result of the Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)  An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g)  An award of prejudgment and post-judgment interest;

(h)  An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)  Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       December 11, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By:

Giustino (Justin) Cilenti (GC2321)

22

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Salvador Mendoza_, am an employee currently or formerly employed by _Gracies_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_10/18_____, 2019